UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-CV-1

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ERIK MORGAN BOLIN, as ADMINISTRATOR OF THE ESTATE OF JULIA ANNE BOLIN,** )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Stay (Doc. 5) filed March 14, 2011; Plaintiff's Motion to Consolidate (Doc. 7) filed March 28, 2011; and Defendants' Motion to Stay (Doc. 10) filed April 14, 2011. Defendants first ask this Court to dismiss Plaintiff's Complaint, arguing that this Court should exercise its discretion to pass on State Farm's declaratory judgment action. Alternatively, Defendants ask this court to stay this case pending the resolution of a related case currently before this Court, *Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32. Plaintiff, meanwhile, asks for this case to be consolidated with *Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32. For the reasons stated below, Defendants' motion to stay is hereby **GRANTED.** All other motions are dismissed without prejudice.

1

# I. BACKGROUND

This action arises out of a contractual dispute over whether State Farm Life Insurance Company ("State Farm") is obligated to pay proceeds to beneficiaries on a life insurance policy issued to Julia Anne Bolin (the "Decedent"). On November 19, 2009, Decedent executed and submitted an application for term life insurance coverage from State Farm in the amount of $1,250,000.00. Decedent subsequently delivered the insurance application to State Farm through State Farm's authorized agent, Sheryl Hill Insurance Agency, Inc. ("State Farm's Agent"). Decedent designated her four children as beneficiaries ("Beneficiaries") of the requested policy. In exchange for the Decedent's initial premium payment, State Farm's Agent provided Decedent with an executed State Farm Life Insurance Company Binding Receipt (the "Binding Receipt"). The Binding Receipt contained a provision stating that "No death benefit is provided by this receipt unless such death results from an accident that occurs or an illness that first manifests itself after the Application Date." The Decedent passed away on January 8, 2010. Shortly after the Decedent's passing, the Beneficiaries submitted claims for payment of death benefits under the Binding Receipt. To date, State Farm has not paid death benefits to the Beneficiaries of the policy.

On or about January 12, 2010, the North Carolina Medical Examiner issued a death certificate listing Decedent's cause of death as "pending." On June 25, 2010, the Medical Examiner issued a Supplemental Report of Cause of Death listing Decedent's immediate cause of death as "ischemic heart disease." The named beneficiaries contend that when Decedent submitted the insurance application on November 19, 2009, she was not suffering from any illness brought about by or in any way connected with ischemic heart disease. State Farm contends that there were multiple instances in which Decedent's ischemic heart disease manifested itself before November 17, 2009, including prior treatment and hospitalization for chest pain and cardiopulmonary

treatment. Thus, the gravamen of the dispute is whether Decedent suffered from an "illness" at the time she submitted her life insurance application and whether State Farm is obligated to pay the beneficiaries in accordance with the terms of the Binding Receipt.

On January 3, 2011, State Farm filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, seeking a judicial determination of its rights and obligations under the terms of the Binding Receipt. *See State Farm Life Insurance v. Bolin*, 5:11-cv-1. On March 11, 2011, the named beneficiaries under the Binding Receipt brought suit in Iredell County Superior Court alleging breach of contract. State Farm removed the beneficiaries' case on March 17, 2011. *See Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32. On March 25, 2011, State Farm amended its Complaint to include the Beneficiaries. Thus, both the declaratory judgment action and the Beneficiaries' breach of contract action are currently before this Court.

## II. DISCUSSION

When two suits are pending before federal district courts, the general principle is to avoid duplicative litigation. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *International Nickel Co., Inc., v. Martin J. Barry, Inc.*, 204 F.2d 583, 586 (4th Cir. 1953) (quoting *Landis v. N. American Co.*, 299 U.S. 248, 254-55 (1936)). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

Whether it is proper to dismiss or stay a case often turns upon whether the questions

presented are indeed identical questions. The parties concede that the issues involve in both actions are identical or nearly identical; namely, whether State Farm is obligated to pay the named beneficiaries under the terms of the Binding Receipt. In both actions, resolution of this issue will turn on whether the decedent's death resulted from an illness that manifested itself before the Decedent submitted her life insurance application. As such, failure to dismiss this case or to grant a stay would result in the litigation of identical issues in parallel proceedings, a result that federal courts have routinely sought to avoid. *See, e.g., Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) (courts already heavily burdened with litigation with which they must of necessity deal should not be called upon to duplicate each other's work in cases involving the same issues and the same parties) (citations omitted).

This Court recognizes that the Declaratory Judgment action was filed first, a fact that may normally weigh in favor of allowing that suit to proceed. Nevertheless, State did not amend its Complaint for a Declaratory Judgment to name the Beneficiaries until after the Beneficiaries filed their breach of contract action in state court. Additionally, as the Supreme Court has noted, "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems [parallel proceedings]." *Kerotest Mfg.*, 342 U.S. at 183. *See also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.3d 93, 95 (9th Cir. 1982) ("'first to file' rule is not rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration").

This Court finds that (1) the instant case and *Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32, are duplicative; (2) that the Beneficiaries' lawsuit in *Spires* is the principal action, as the plaintiffs of that suit possess the real claim at issue between the parties while the claims asserted in the instant action are derivative and secondary; and (3) the Beneficiaries' lawsuit

4

is capably of fully resolving all matters at issue between the parties. Moreover, consolidating this case with *Spires* could lead to juror confusion regarding the identity of the "true plaintiff" and unnecessary use of judicial resources. For these reasons, granting a stay of the instant case pending the outcome of *Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32, will promote judicial economy and is therefore appropriate.

### III. CONCLUSION

For the reasons stated above, staying this action pending the resolution of *Spires, et. al. v. State Farm Life Insurance Company*, 5:11-cv-32 is appropriate when considering that this court must give "due regard to conservation of judicial resources and comprehensive disposition of litigation." *I.A. Durbin,* 793 F.2d at 1551.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) Defendants' Motion to Dismiss or, in the Alternative, Stay (Doc. 5) is **DENIED without prejudice** as to the Motion to Dismiss, but **GRANTED** as to the Motion to Stay.

(2) Plaintiff's Motion to Consolidate (Doc. 7) is **DENIED without prejudice.**

(3) Defendants' Motion to Stay (Doc. 10) is **GRANTED.**

Signed: May 11, 2011

Richard L. Voorhees
United States District Judge